AEG

M10-0019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DARRYL FELIX,
JEROME GIBBS,
also known as "Black" and "Rome,"
TYSON JEFFRIES,
MITCHELL PRINGLE and
RAMU SWEAT,

Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21, U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

JOSE RUIZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, on or about and between November 4, 2009 and January 8, 2010, within the Eastern District of New York, the defendants DARRYL FELIX, JEROME GIBBS, TYSON JEFFRIES, MITCHELL PRINGLE and RAMU SWEAT, together with others, did knowingly and intentionally conspire to distribute and posses with the intent to distribute a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On November 4, 2009, shortly before 4:35 p.m., an undercover officer ("UC1") of the New York City Police Department ("NYPD") called the defendant JEROME GIBBS. UC1 told GIBBS that he wanted $100 worth. GIBBS instructed UC1 to meet him at the post office across the street from 606 Clinton Street, Brooklyn, New York. When UC1 arrived at the post office, UC1 called GIBBS again. GIBBS instructed UC1 to enter 606 Clinton Street. When UC1 did so, UC1 observed an unknown male ("UM1") emerge from 606 Clinton Street, Apartment 1B (the "Apartment"). UM1 asked UC1 for the money. UC1 handed UM1 $100. UM1 then handed UC1 a clear plastic bag containing 13 plastic vials with yellow tops containing a white rocky substance. UC1 then observed UM1 reenter the Apartment. A laboratory test later identified the substance in the vials as cocaine base.

2. On November 5, 2009, shortly before 6 p.m., an undercover officer ("UC2") of the NYPD approached the defendant RAMU SWEAT outside of 606 Clinton Street and asked if anyone had "hard," a commonly used codename for cocaine base, or "dog food,"

---

[1] The information contained in this affidavit is based upon my conversations with various law enforcement agents, and others, as well as my personal observations and knowledge. Where statements of others are related herein, they are related in substance and in part. Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

a commonly used codename for heroin. SWEAT replied that all he had was "dog food." UC2 told SWEAT that he wanted "two." SWEAT instructed UC2 to follow him into 606 Clinton Street. UC2 followed SWEAT to the Apartment. While standing in front of the Apartment, SWEAT removed two glassine envelopes containing a tan powdery substance from his waistband and handed them to UC2. UC2 handed SWEAT $20. SWEAT told UC2 that he did not have a cellular phone but that, "next time," UC2 should look for SWEAT, or "knock on the apartment door." UC2 then observed SWEAT enter the Apartment. A laboratory test later identified the substance in the glassine envelopes as heroin.

3. On November 6, 2009, shortly before 5:34 p.m., UC2 approached the Apartment and knocked on the door. UM1 opened the door and stepped outside. UC2 observed SWEAT sitting inside the Apartment, and then UM1 closed the door. UM1 asked UC2 whether UC2 wanted "dog food." UC2 said no, and asked UM1 if he had "candy." UM1 said that they had both "candy" and "dog food." UC2 told UM1 that he wanted $40 worth of "candy." UM1 instructed UC2 to wait outside the Apartment. UM1 entered the Apartment, and as he did so SWEAT greeted UC2. UM1, staying inside, then closed the door to the Apartment. Moments later, UM1 opened the door and handed UC2 8 plastic vials with purple tops containing a white rocky substance. UC2 handed UM1 $40. A laboratory test later identified the substance in the vials as cocaine base.

This transaction was recorded by a video and audio recorder carried by UC2.

4. On January 6, 2010, at approximately 3:38 p.m., UC1 approached the Apartment. UC1 knocked on the door. A voice from inside responded, "There's nothing here. Go away." UC1 stepped away from the Apartment and dialed the number of the defendant JEROME GIBBS on his cellular phone. As he did so, the defendant MITCHELL PRINGLE opened the door to the Apartment and instructed UC1 to enter the Apartment. As UC1 did so, the defendant RAMU SWEAT approached UC1 from within the Apartment and asked UC1 how many he wanted. UC1 replied that he wanted $60 worth and handed SWEAT $60. The defendant TYSON JEFFRIES stood inside the apartment and observed the transaction. The defendant DARRYL FELIX, who was also inside the apartment, approached UC1 and handed him 4 plastic vials with blue tops containing a white rocky substance. FELIX then touched UC1's chest several times, and PRINGLE handed UC1 four more plastic vials with blue tops containing a white rocky substance. In light of his training and experience, UC1 believes that when FELIX touched his chest he was checking to see whether he was wearing a bulletproof vest. As FELIX did so, UC1 said, "What's wrong? I was just calling Black," and displayed his open cellular phone. PRINGLE took the phone from UC1's hand, looked at it, and said, "He's okay, he was calling Black, our Black -- Rome." SWEAT handed UC1 four more

plastic vials with blue tops containing a white rocky substance. SWEAT then handed PRINGLE and FELIX each $20. This transaction was recorded by a video recorder carried by UC1. The substance in the vials field-tested positive for cocaine. The field test does not distinguish between cocaine and cocaine base. A laboratory test has not been conducted yet.

5. On January 7, 2010, the Honorable James Orenstein, Magistrate Judge for the Eastern District of New York, issued a search warrant for the Apartment.

6. On January 8, 2010, at approximately 3:30 p.m., ATF agents and NYPD officers and detectives executed the above-mentioned search warrant. Inside the Apartment, law enforcement encountered the defendants DARRYL FELIX, TYSON JEFFRIES, MITCHELL PRINGLE and RAMU SWEAT. Law enforcement handcuffed all four and performed pat-down searches. Law enforcement recovered 16 plastic vials with blue tops containing a white rocky substance and a small plastic bag containing a green leafy substance from FELIX. Law enforcement recovered a plastic bag containing 30 plastic vials with blue tops containing a white rocky substance and 9 glassine envelopes containing a tan powdery substance from JEFFRIES. From the top of the refrigerator in the Apartment, law enforcement recovered a plastic bag containing numerous plastic vials and blue tops. Laboratory tests on the above-mentioned substances have not been performed yet.

7. When law enforcement entered the Apartment, law enforcement officers stationed outside the bedroom window of the Apartment observed the window open and then observed the defendant JEROME GIBBS dive out the window. As GIBBS hit the ground, he dropped one plastic vial with a blue top containing a white rocky substance and 6 glassine envelopes containing a tan powdery substance. Law enforcement also recovered a plastic bag containing a green leafy substance and $405 in cash from GIBBS. Laboratory tests on the above-mentioned substances have not been performed yet.

WHEREFORE, your deponent respectfully requests that the defendants DARRYL FELIX, JEROME GIBBS, TYSON JEFFRIES, MITCHELL PRINGLE and RAMU SWEAT be dealt with according to law.

JOSE RUIZ
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
9th day of January, 2010

GE